# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER MORALES JR.,  §
§
Plaintiff,  §
§
vs.  §
§     Civil Action No.  2:22-cv-4569
§
DOVER BAY SPECIALTY INSURANCE  §
COMPANY,  §
§
Defendant.  §

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Christopher Morales Jr., (hereinafter "Plaintiff"), through undersigned counsel, files this Original Complaint against Defendant, Dover Bay Specialty Insurance Company, in support of the causes of action asserted herein, respectfully set forth as follows:

1.

Made Plaintiff herein is:

**CHRISTOPHER MORALES JR.**, is a person of the full age of majority, domiciled and owner of property located in St. John the Baptist Parish, State of Louisiana.

2.

Made Defendant herein is:

**DOVER BAY INSURANCE COMPANY** (hereinafter referred to as "Dover Bay"), a corporation incorporated in Illinois, with its principal place of business in Illinois, is a foreign insurance company authorized todo and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court.

1

3.

This Court has personal jurisdiction over Dover Bay because they conduct business in the State of Louisiana, and this claim arises out of Defendant's conduct, business operations, and failure to fulfill a written contract executed in the State of Louisiana.

4.

This Court has subject matter jurisdiction over this civil matter between citizens of different states. The amount in controversy, exclusive of interests, costs, and attorney's fees exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

5.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of Louisiana because a substantial part of the events or omissions giving rise to this dispute occurred in St. John the Baptist Parish.

6.

Dover Bay is justly and truly indebted to Plaintiff herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in the proceedings, for following, to wit:

7.

Plaintiff owns residential property located at 105 Country Cottage Boulevard, LaPlace, Louisiana 70068, (hereinafter "the Property").

8.

On August 29, 2021, Plaintiff had in place a contract with Dover Bay to provide a homeowner's insurance policy, policy number XLH566301 (hereinafter "the Policy"), for the Property.

9.

On August 29, 2021, Hurricane Ida made landfall on southeast Louisiana with over 150 mph winds. The event caused widespread devastation and damage, including damage to the Property.

10.

The extensive damage to the Property caused by the windstorm of Hurricane Ida rendered the Property damaged.

11.

In compliance with the Policy, the Plaintiff promptly reported the resulting extensive damage to Dover Bay, who therefore knew almost immediately that the Property had sustained physical and structural damage.

12.

Despite more than a sufficient proof of loss, Dover Bay failed to timely and adequately tender payment under the Policy. Dover Bay's failure to timely provide adequate payment for a clearly covered loss is a violation of the Policy. Coverage under the policy remains available and is due to the Plaintiff herein. Dover Bay is in clear violation of La.R.S. 22:1892 and 22:1973.

13.

At all times pertinent hereto, Dover Bay provided insurance coverage for the matters, risks, and things involved herein.

14.

Additionally, based upon information and belief, the Policy contained a hurricane and/or windstorm endorsement that created coverage for all the damage sustained at the Property to which Plaintiff is entitled, including but not limited to dwelling coverage, contents, loss of use, recoverable depreciation, as well as all repair/replacement costs.

15.

Plaintiff is entitled to a judgment declaring that the language of the Policy provided coverage for all damage resulting from the subject hurricane.

16.

The actions of Dover Bay in failing to adjust Plaintiff's claims timely, fully, and fairly are arbitrary, capricious, and without probable cause, making Dover Bay is liable for damages, penalties and attorney fees provided under La. R.S. 22:1892 and 22:1973.

17.

Defendant, Dover Bay is liable unto the Plaintiff under the following legal theories:

1.    Breach of contract;

2.    Bad faith claims adjusting;

3.    Negligent claims adjusting; and

4.    Any and all other legal theories which may be found through discovery and proven at trial in this matter.

18.

As a result of Hurricane Ida and as a result of Dover Bay's arbitrary and capricious claims adjusting, Plaintiff has sustained, or will sustain, the following non-exclusive damages:

1. Property damages;

2. Loss of contents;

3. Loss of use and enjoyment of property;

4. Additional living expenses;

5. Repair and remediation expenses;

6. Loss of investment value of funds used to offset Dover Bay's failure to pay, including lost interest;

7. Diminution of value of property;

8. The penalties proscribed by La. R.S. 22:1892 and 22:1973;

9. Attorney's fees and costs of this litigation; and

10. Any and all other damages which will be shown through discovery and proven at trial.

19.

Plaintiff prays for and are entitled to trial by jury, bond to be set at a later date.

**WHEREFORE**, Plaintiff, CHRISTOPHER MORALES JR. prays:

(i)    That DOVER BAY SPECIALTY INSURANCE COMPANY be served with a copy of this Complaint and cited to appear and answer same;

(ii)    For a trial by Jury;

(iii)    That after due proceedings and a jury trial, there be Judgment in this matter in favor of Plaintiff and against Dover Bay, declaring that Dover Bay is liable jointly, severally, and *in solido*, to the Plaintiff for compensatory damages resulting from Dover Bay's activities;

5

(iv)   For general, special and punitive damages to be awarded in favor of Plaintiff and against Dover Bay pursuant to LA. R.S. § 22:1973;

(v)   For general, special and punitive damages to be awarded in favor of Plaintiff and against Dover Bay pursuant to LA. R.S. § 22:1892 (B);

(vi)   For reasonable attorney's fees and costs to be awarded in favor of Plaintiff and against Dover Bay pursuant to LA. R.S. § 22:1892 (B);

(vii)   That the right of the Plaintiff to establish his entitlement to compensatory damages, and the amounts thereof, be reserved for determination in the individual actions when appropriate;

(viii)   That Plaintiff recover the costs of prosecution of this action and for interest of all damages from the date of judicial demand until paid; and

(ix)   For all other general and equitable relief deemed appropriate and meritorious by this Court.

Respectfully submitted,

HOUGHTALING LAW FIRM, LLC

_____
BRIAN J. HOUGHTALING, Bar No. 30258
TWO LAKEWAY
3850 North Causeway Blvd.
Suite 1090
Metairie, LA 70002
Telephone:     (504) 456-8629
Facsimile:     (877) 448-5339
brian@houghtalinglaw.com

6

**PLEASE SERVE**:

**DOVER BAY SPECIALTY INSURANCE COMPANY**
*Through its registered agent for service:*
Hon. R. Kyle Ardoin
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809